IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 9 - 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-00-1401 |
| | § | CRIMINAL NO. H-98-266 |
| DANNY WAYNE BELL, | § | |
| | § | |
| Petitioner/Defendant. | § | |

## ORDER

Pending before the Court are the Motion Under 28 U.S.C. § 2255 (Civil Instrument #1; Criminal Instrument #54) and the Motion to Supplement Defendant's § 2255 Motion (Criminal Instrument #63) filed by Petitioner/Defendant Danny Wayne Bell. Having considered the motions, submissions on file and applicable law, the Court determines that the motions should be denied.

## FACTUAL BACKGROUND

On January 13, 1998, Houston police officers observed Petitioner/Defendant Danny Wayne Bell ("Bell") run a stop sign. The officers therefore stopped Bell's vehicle. The officers thereafter smelled marijuana and observed smoke coming from the vehicle's ash tray. When asked by the officers what was in the ash tray,

#2

Bell replied that it was a "marijuana joint." The officers therefore arrested Bell and inventoried the vehicle. The officers found a bag containing 13.3 grams of marijuana and a loaded Smith and Wesson 9mm pistol. Bell admitted that he did not have a permit to carry the pistol, but still carried it "for protection." Bell was charged by the Harris County District Attorney's office with carrying a firearm and possession of a controlled substance.

On February 15, 1998, Texas Department of Public Safety troopers stopped Bell for speeding. As the troopers approached Bell's vehicle, they smelled marijuana. Bell admitted that he had been smoking marijuana and that he had a small amount in the center console of his vehicle. One of the troopers thereafter noticed a pump shotgun on the floorboard of the vehicle behind the center console. The troopers therefore arrested Bell and inventoried the vehicle. The troopers found the shotgun, six rounds of ammunition, a large plastic bag containing three bricks of marijuana weighing a total of six pounds, a small plastic bag containing twelve grams of marijuana, a third bag containing forty grams of marijuana and jewelry valued at $12,500.00. Bell was again charged with carrying a firearm and possession of a controlled substance. It was later determined that at the time of both arrests Bell was a felon.



ClibPDF - www.fastio.com

## PROCEDURAL HISTORY

On July 22, 1998, a federal grand jury returned a two-count indictment against Bell. Both counts of the indictment alleged violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) which prohibit a felon from possessing a firearm. On September 23, 1998, Bell pled guilty to count one of the indictment pursuant to a written plea agreement with the United States of America (the "Government"). In the plea agreement, Bell waived his right to appeal his sentence except in the limited circumstances of an upward departure from the sentencing guidelines not requested by the Government or a sentence imposed above the statutory maximum. In response, the Government agreed to dismiss count two of the indictment, not oppose a reduction for acceptance of responsibility, and recommend a sentence at the low end of the applicable guideline range.

On December 15, 1998, this Court accepted the Government's recommendation and sentenced Bell to the minimum penalty for the applicable offense pursuant to the sentencing guidelines: 46-months incarceration. The Court further ordered a term of three years supervised release upon Bell's completion of his period of incarceration. Finally, the Court dismissed count two of the indictment upon a motion by the Government. The Government therefore complied with all the



ClibPDF - www.fastio.com

relevant conditions of the plea agreement.

On December 29, 1998, Bell appealed his conviction to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit dismissed the appeal on March 13, 2000, based upon Bell's waiver of his right to appeal in the plea agreement. Bell therefore filed the instant motion to vacate, set aside or correct sentence on April 26, 2000, alleging ineffective assistance of counsel. Bell thereafter supplemented his motion on August 3, 2000, alleging a violation of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

LAW & ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the assistance of counsel in his defense. U.S. CONST. amend VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970), *quoted in United States v. Cronic*, 466 U.S. 648, 654 (1984). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court enumerated a two-prong test for determining the effectiveness of a counsel's performance. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must be



ClibPDF - www.fastio.com

able to demonstrate that his "counsel's performance [was] deficient (*i.e.* that counsel did not provide reasonably effective assistance under prevailing norms) and prejudicial (*i.e.* that errors by counsel actually had an adverse effect on the defense)." *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995) (quoting *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994)); *see also Strickland*, 466 U.S. at 686. Typically, "failure to establish either deficient performance or prejudice defeats an ineffective assistance claim." *Seyfert*, 67 F.3d at 547 (citing *Strickland*, 466 U.S. at 700).

In regards to the deficient performance prong of *Strickland*, a reviewing court cannot second guess legitimate strategic choices by counsel. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Rather, the reviewing court must reject the distorting effect of hindsight and evaluate the facts from counsel's perspective at the time of the alleged error. *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993). Moreover, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional conduct. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995).

In regards to the prejudice prong of *Strickland*, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial



ClibPDF - www.fastio.com

whose result is reliable." *Fretwell*, 506 U.S. at 369. In other words, a defendant must affirmatively prove that he suffered prejudice. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). "With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In his motion to vacate, set aside or correct sentence, Bell alleges that he was denied the effective assistance of counsel. Specifically, Bell claims that his counsel was constitutionally deficient because: (1) he failed to challenge the searches underlying both counts in the indictment; (2) he promised Bell that he would only receive a 30 month sentence if he pled guilty to count one; and (3) he failed to advise Bell prior to his plea of guilty that the conduct that gave rise to count two of the indictment could be considered by the Court as relevant conduct triggering a four-level enhancement under the United States Sentencing Guidelines. The Court will address each allegation in turn.

Bell first contends that counsel was ineffective for failing to challenge the searches underlying both counts in the indictment. Generally, a "voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant.

This includes claims of ineffective assistance of counsel except as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392. When a defendant enters a guilty plea upon counsel's advise, "the voluntariness of the plea depends upon whether counsel's advise 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56.

Bell's allegation of ineffective assistance of counsel is belied by his plea colloquy with the Court at his rearraignment. Bell advised the Court that he had read the indictment and understood the charges to which he pled guilty. Further, Bell acknowledged that he understood and waived all non-jurisdictional defects in the prosecution by pleading guilty, including "any illegal search and seizure, ... [or] inadmissible statement" and that he would "not be able to later raise these defenses at a later time." Thereafter, Bell stated that the factual basis recited by the Government was true and that he had intended to do the acts described therein. After the conclusion of Bell's plea colloquy, the Court found that Bell had entered a knowing, intelligent and voluntary plea of guilty supported by a sufficient factual basis.

In his motion, Bell does not allege that counsel's alleged ineffectiveness rendered his guilty plea involuntary; i.e. that he would not have pled guilty but for



ClibPDF - www.fastio.com

counsel's alleged deficient conduct. Rather, he simply argues that counsel might have prevailed on a motion to suppress had one been filed on either count. Such bare assertions fail to satisfy the prejudice prong of *Strickland*. Further, Bell's claim for relief is precluded by his voluntary guilty plea and waiver in his plea agreement.

Moreover, Bell has not established that counsel's conduct was deficient. Counsel is not required to file a suppression motion "in every case involving evidence or statements obtained after a search; rather, counsel must use professional discretion in deciding whether there are sufficient grounds for such a motion." *United States v. Chavez-Valencia*, 116 F.3d 127, 134 (5th Cir. 1997). In the instant case, counsel was entitled to believe Bell's representations during his rearraignment. Specifically, Bell listened to the recitation of facts by the Government and thereafter stated that the facts were true and that he intended to do the acts described therein. Bell is bound by his sworn representations during his rearraignment, *see Rogers v. Maggio*, 714 F.2d 35, 38 n.5 (5th Cir. 1983), and there was no reason for counsel to challenge the evidence seized in count one based upon those facts. *See generally*, *United States v. McSween*, 53 F.2d 684, 686-87 (5th Cir. 1995) (detection of odor of marijuana justified search of entire vehicle). Once Bell



ClibPDF - www.fastio.com

pled guilty to count one, the Government agreed to dismiss count two. There was therefore no reason to challenge the search underlying count two as a suppression hearing would not have impacted the Court's consideration of the underlying conduct at sentencing. *See United States v. Shugart*, 117 F.3d 838, 848 (5th Cir. 1997) ("The exclusionary rule applicable to Fourth Amendment violations is generally inapplicable to the district court's consideration of evidence for purposes of sentencing"). Counsel is not required to make meritless arguments. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Bell's counsel's actions were well within the reasonable professional norm. Bell has therefore failed to satisfy the deficient performance prong of *Strickland*.

Bell's second contention is that his counsel was ineffective for promising that Bell would receive a 30-month sentence. Once again, Bell's statements at his rearraignment show otherwise. Specifically, Bell stated at his rearraignment that he understood that he could receive a sentence up to the statutory maximum term of 10 years imprisonment and/or a fine up to $250,000.00. Bell also stated that no one had made any promises to him regarding sentencing. There is no evidence that Bell's plea of guilty was involuntary. Bell has therefore failed to establish the prejudice prong of *Strickland*.



ClibPDF - www.fastio.com

Moreover, as a general rule, counsel's failure to accurately predict a defendant's sentence does not constitute ineffective assistance of counsel. *See United States v. Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996) (a mistaken sentencing prediction is not alone sufficient to demonstrate deficient performance, even when the mistake is great). For Bell to be entitled to relief based upon allegations that his attorney made promises that are inconsistent with the record, Bell must prove: "(1) exactly what the terms of the alleged promises were; (2) exactly when, where, and by whom, such a promise was made; and (3) the precise identity of an eyewitness to the promise." *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Bell has failed to meet these standards. He therefore has failed to satisfy the deficient performance prong of *Strickland*.

Bell's third contention is that his counsel was ineffective for allegedly failing to advise Bell prior to his plea of guilty that the conduct that gave rise to count two of the indictment could be considered by the Court as relevant conduct triggering a four-level enhancement under the United States Sentencing Guidelines. Once again, the record paints a different picture. Specifically, defense counsel informed the Court at sentencing (in front of Bell) that he had previously discussed the possibility of the four-level enhancement with Bell. Further, the Court confirmed that Bell



ClibPDF - www.fastio.com

understood the ramifications of his plea of guilty. The Court admonished Bell regarding the application of the sentencing guidelines, the Court's authority to depart from those guidelines, and the Court's inability to determine Bell's sentence until after the completion of a pre-sentence investigation report. Bell again stated that he understood all of these matters. Bell has therefore failed to establish either prong of *Strickland*.

Finally, in his motion to supplement, Bell alleges that the four-level sentencing enhancement constitutes a violation of the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 526 U.S. 227 (2000). In *Apprendi*, the Supreme Court held that "a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the indictment and proved to the jury beyond a reasonable doubt." *Burton v. United States*, F.3d 1274, 1274 (5th Cir. 2000). In the instant case, Bell's 46-month sentence is not "beyond the prescribed statutory maximum," to wit, 10 years. Bell is therefore not entitled to relief pursuant to *Apprendi*. Accordingly, the Court hereby

ORDERS that Defendant's Motion Under 28 U.S.C. § 2255 (Civil Instrument #1; Criminal Instrument #54) and Motion to Supplement Defendant's § 2255 Motion (Criminal Instrument #63) are DENIED.



ClibPDF - www.fastio.com

SIGNED at Houston, Texas, on this the 8 day of February, 2001.

DAVID HITTNER
United States District Judge



ClibPDF - www.fastio.com